UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES MICHAEL BROWN, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:24-CV-1017-TLS-APR |
| BRIAN ENGLISH, et al., | |
| Defendants. | |

**OPINION AND ORDER**

James Michael Brown, a prisoner without a lawyer, was ordered to show cause why he did not pay the initial partial filing fee. The docket reflects that payment has now been received. ECF No. 4. Therefore, the case will proceed to screening.

Under 28 U.S.C. § 1915A, the Court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Brown is proceeding without counsel, and therefore the Court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Brown is an inmate at Miami Correctional Facility (MCF). He claims that on the night of October 24, 2024, MCF Warden Brian English and former Indiana Department of Correction (IDOC) Commissioner Christina Reagle made a decision to shut off the electricity in the

restrictive housing unit due to multiple fires that had occurred.1 While the lights were out, several inmates plugged their toilets and flooded the unit with water. Some of the water came into Brown's cell. A correctional officer whom he identifies as "Sgt. John Doe" was working that night. Brown asked him for help cleaning up the water, and Sgt. John Doe allegedly yelled, "F--- it, I am not getting this cleaned up. Y'all can sit in it." ECF No. 1 at 2.

Around 2:30 a.m., Brown got up to go to the bathroom and could not see because the electricity was still out, which meant his night light was not working. He slipped and fell in the water, hitting his head and knocking himself unconscious. When he awoke, he pressed the emergency call button in his cell but neither Sgt. John Doe nor anyone else came to help him. The following day, a non-party officer took him to the medical unit and he was diagnosed with a concussion. He claims to have lingering problems as a result of the fall, including migraines. Based on these events, he sues Warden English, former Commissioner Reagle, and Sgt. John Doe for money damages.

The Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee the safety" of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To state a claim, an inmate must allege that a defendant was deliberately indifferent to "an excessive risk" to his health or safety. *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018). This encompasses two elements: "(1) the harm to which the prisoner was exposed must be an objectively serious one; and (2) judged subjectively, the prison official must have actual, and not merely constructive, knowledge of the risk." *Id.* (cleaned up). On the second prong, the plaintiff must allege that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to

---

[1] Reagle was replaced by a new Commissioner in 2025. *See* https://www.in.gov/idoc/about/wall-of-commissioners.

2

prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010) (citation omitted). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020).

In general, a fall caused by exposure to wet floors does not amount to an Eighth Amendment violation. *Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014) ("[S]lippery surfaces . . . without more, cannot constitute a hazardous condition of confinement."); *Perkins v. Atrisco*, No. 3:22-CV-1052, 2023 WL 2346275, at *2 (N.D. Ind. Mar. 2, 2023) ("[F]ederal courts are consistent in holding that slip-and-fall incidents, whether on ice, water, or slippery floors, do not meet the deliberate indifference standard of Eighth Amendment conditions of confinement claims."). The mere fact that Brown fell and injured himself on the slippery floor, though unfortunate, is not enough to state an Eighth Amendment claim. Brown alleges that there was an extenuating circumstance in that the power was out, making it difficult for him to navigate the water. These combined conditions could amount to an excessive risk to his safety.

However, as to the Warden and Commissioner, there is no general respondeat superior liability under 42 U.S.C. § 1983, and these high-ranking officials cannot be held liable for these conditions simply because they oversee operations at the prison or within the IDOC. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Although these officials made the decision to shut off the electricity in his unit, his complaint makes clear that this was because of a risk of fire. Brown thinks these Defendants should have taken a more conservative approach by simply shutting off breakers in individual cells, but "the mere failure . . . to choose the best course of action does not amount to a constitutional violation." *Peate v. McCann*, 294 F.3d 879, 882 (7th Cir. 2002). The Court also

3

considers that the power was shut off during the overnight hours when inmates would likely be sleeping. Had the unit not been flooded by other inmates, there is no indication the lack of power posed an undue risk to Brown's safety for this brief period. Brown does not allege that Warden English and former Commissioner Reagle had actual knowledge that the unit was flooded and deliberately turned a blind eye to the risk posed by these combined conditions. *See Sinn*, 911 F.3d at 419. He has not stated a plausible claim against them.

As for Sgt. John Doe, Brown alleges that this defendant did have actual knowledge that Brown's cell was flooded with toilet water and that there was no lighting because the power had been turned off. When Brown asked him for help, he allegedly made a flippant comment suggesting he did not care if Brown injured himself. Brown has alleged enough to proceed further against this defendant under the Eighth Amendment. *See Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (explaining that where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

He also appears to be claiming a denial of medical care. To state a claim for the denial of medical care under the Eighth Amendment, a prisoner must allege (1) he had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even

though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (cleaned up).

Brown states that he suffered a head injury in the fall, which caused him pain and lingering problems for months. The Court will presume at this stage that he had a serious medical need. He further claims that he pushed the emergency call button but no one answered. It can be plausibly inferred from his allegations that Sgt. John Doe was in a position to hear the call button but did not respond because he was angry the inmates had flooded the unit. Further factual development may show that the sergeant was not the individual who failed to respond to the call button, but at this stage the Court must draw all inferences in Brown's favor. He has alleged enough to proceed further against the officer.

Brown next asserts a claim for "retaliation . . . in violation of Amendment I United States Constitution." ECF No. 1 at 3. To state a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Whitfield v. Spiller*, 76 F.4th 698, 707–08 (7th Cir. 2023) (citation omitted). The third factor requires some "causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020).

Brown does not describe any protected First Amendment activity he engaged in, such as filing a legal claim or grievance. *See Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020). As best as can be discerned, he claims Sgt. John Doe refused to clean up the water because he was angry that the other inmates plugged their toilets. While perhaps unprofessional, this not the type

of action prohibited by the First Amendment. *See Whitfield*, 76 F.4th at 707–08. He will be not permitted to proceed on a claim under the First Amendment.

As a final matter, Brown is being permitted to proceed against an unnamed defendant. It is permissible to sue a "placeholder defendant" in federal court, but as a practical matter an unnamed defendant cannot be served with process. *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022). Sgt. John Doe must be identified and served within the two-year statute of limitations period and the deadline specified in Federal Rule of Civil Procedure 4(m). *Id.* The Court has an obligation to assist Brown in trying to identify and serve this defendant. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996); *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990). To expedite that process, the Court will order the Warden to provide the name of this individual, to the extent he is able, based on the information Brown has provided.

For these reasons, the Court hereby:

(1) GRANTS the Plaintiff leave to proceed against Sgt. John Doe in his personal capacity for money damages for deliberate indifference to an excessive risk to the Plaintiff's safety by allowing him to remain in a cell with no lights that was flooded with toilet water on or about October 24, 2024, in violation of the Eighth Amendment;

(2) GRANTS the Plaintiff leave to proceed against Sgt. John Doe in his personal capacity for money damages for deliberate indifference to the Plaintiff's need for medical care after he slipped and injured himself in the early morning hours of October 25, 2024, in violation of the Eighth Amendment;

(3) GRANTS the Plaintiff leave to proceed against Warden Brian English in his official capacity solely to identify Sgt. John Doe;

(4) DISMISSES all other claims;

(5) DISMISSES Christina Reagle as a Defendant;

(6) DIRECTS the Clerk of Court to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Brian English at the Indiana Department of Correction and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any Defendant who does not waive service, to the extent such information is available;

(8) WAIVES the Warden's obligation to answer the complaint; and

(9) ORDERS the Warden to provide on or before **June 18, 2025**, the name of the male correctional sergeant who was working in the restrictive housing unit at Miami Correctional Facility near the area of the Plaintiff's cell during the evening hours of October 24, 2024, or to file a notice by the above date explaining why the name of this individual cannot be provided.

SO ORDERED on April 28, 2025.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT
