UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES MICHAEL BROWN,<br><br>Plaintiff,<br><br>v.<br><br>TYLER POWELL,<br><br>Defendant. | CAUSE NO. 3:24-CV-1017 |

**OPINION AND ORDER**

The plaintiff, James Michael Brown, is proceeding in this case against Sgt. Tyler Powell for (1) "deliberate indifference to an excessive risk to the Plaintiff's safety by allowing him to remain in a cell with no lights that was flooded with toilet water on or about October 24, 2024," and (2) "deliberate indifference to the Plaintiff's need for medical care after he slipped and injured himself in the early morning hours of October 25, 2024, in violation of the Eighth Amendment[.]" [DE 6 at 6]. Sgt. Powell filed a Motion for Summary Judgment [DE 31], arguing Brown did not exhaust his available administrative remedies before filing this lawsuit. Brown filed a response. [DE 39]. Sgt. Powell has not filed a reply, and the time for doing so has expired. Defendant did not file a reply. The Motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir.

2006). In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The parties have provided evidence showing the following facts: During all relevant times, an Offender Grievance Process was in place at Indiana State Prison which required Brown to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. [DE 31-1 at 2; DE 31-2 at 3]. Regarding the first step, once an inmate submits a grievance "[t]he Offender Grievance Specialist must either return an unacceptable form or provide a receipt for an accepted form within ten (10) business days of receipt." [DE 31-2 at 9]. "If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." *Id.* The Grievance Specialist attests the grievance office has no record of ever receiving any timely grievance from Brown related to his claims that Sgt. Powell was deliberately indifferent to his safety between October 24 and October 25, 2024. [DE 31-1 at 5-7].

In response, Brown attests he submitted a grievance on October 25, 2024, relating to his claims against Sgt. Powell. [DE 39 at 1; DE 39-1 at 2]. Because he was in the restricted housing unit, he gave the grievance to "Officer Bietz" to be placed into his

caseworker's mailbox, which is the proper protocol for inmates in the restricted housing unit to submit a grievance. [DE 39 at 1-2; DE 39-1 at 2]. Brown did not receive any response to this grievance within ten business days, so he submitted a "Request for Interview" form to the Grievance Specialist on November 4 notifying him of the lack of response to his grievance. [DE 39 at 2; DE 39-1 at 2-3]. Brown never received any response to this "Request for Interview" form or his October 25 grievance, so he proceeded to file this lawsuit. [DE 39-1 at 2].

Here, the undisputed facts show Brown exhausted all of the administrative remedies that were available to him. Specifically, Brown attests and provides evidence that he submitted a relevant grievance to the grievance office, received no timely receipt or response from the grievance office, and followed up by sending a "Request for Interview" form to the Grievance Specialist notifying him of the lack of response. [DE 39-1 at 2-3]. At that point, the Grievance Specialist needed to "investigate the matter and respond to the offender's notification within ten (10) business days." [DE 31-2 at 9]. There is no evidence the Grievance Specialist did so, which left Brown without any further available remedies to exhaust with regard to this grievance. *See Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (concluding an inmate has exhausted his administrative remedies "when prison officials fail to respond to inmate grievances because those remedies [have] become 'unavailable'"); *Jackson v. Esser*, 105 F.4th 948, 957 (7th Cir. 2024) ("If administrative remedies are genuinely unavailable or nonexistent because, for example, prison employees failed to respond to properly filed grievances, we consider the prisoner to have satisfied the exhaustion requirement."). Sgt. Powell

has not filed a reply, and therefore does not genuinely dispute any of the facts alleged by Brown in his affidavit.

Accordingly, the undisputed facts in Brown's affidavit show he exhausted all of the administrative remedies that were available to him, and the grievance office made any further remedies unavailable by failing to respond to both his grievance and his subsequent written notice. Therefore, Sgt. Powell has not met his burden to show Brown did not exhaust his available administrative remedies before filing this lawsuit. Defendant's Motion for Summary Judgment [DE 31] is **DENIED**.

ENTERED this 9th day of September, 2026.

/s/ Andrew P. Rodovich
United States Magistrate Judge